**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CRIMINAL CASE NO. 1:19-cr-00045-MR-WCM**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **<u>O R D E R</u>** |
| | ) | |
| **JERRELL TITO BOWMAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion to Continue Jury Trial [Doc. 10].

On June 4, 2019, the Defendant was charged in a Bill of Indictment with one count of knowingly and intentionally possessing with intent to distribute a quantity of cocaine, a quantity of cocaine base, a quantity of fentanyl, a quantity of heroin, and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1); one count knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and one count of knowingly and unlawfully possessing a firearm having been previously convicted of at least one crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). [Doc. 1].

On August 7, 2019, the Defendant was charged in a Superseding Bill of Indictment with one count of knowingly and intentionally possessing with intent to distribute a quantity of cocaine, a quantity of cocaine base, a quantity of fentanyl, a quantity of heroin, and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1); one count knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and one count of knowingly and unlawfully possessing a firearm knowing that he had previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). [Doc. 4]. The Defendant made an initial appearance on September 4, 2019, at which time counsel was appointed. On September 6, 2019, the Defendant's arraignment was held, at which time the undersigned calendared the case for its current setting during the November 4, 2019 trial term.

The Defendant now seeks a continuance. [Doc. 10]. As grounds, counsel states that additional time is needed to review recently received additional discovery. Counsel also states additional time is needed to discuss with the Defendant his options before making a decision, including whether to request additional time to file pretrial motions, plead guilty, or go

to trial. Counsel further represents that the Government does not oppose the requested continuance. [Doc. 10].

The Court finds that the case should be continued. If the requested continuance were not granted, the Court finds that counsel would be denied "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A).

**IT IS, THEREFORE, ORDERED** that Defendant's Unopposed Motion to Continue Jury Trial [Doc. 10] is **GRANTED**, and the above-captioned case is hereby **CONTINUED** from the November 4, 2019 term in the Asheville Division.

**IT IS SO ORDERED.**

Signed: October 18, 2019

W. Carleton Metcalf
United States Magistrate Judge