IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*<br>vs.<br>JERRELL BOWMAN,<br>*Defendant.* | DOCKET NO. 1:19-CR-45<br>**MOTION TO WITHDRAW AS COUNSEL OF RECORD AND REQUEST FOR APPOINTMENT OF NEW COUNSEL** |

Assistant Federal Public Defender Fredilyn Sison moves this honorable court to allow her and her office to withdraw as counsel of record for Jerrell Bowman.

In support of this motion, undersigned counsel states the following:

1. The Federal Public Defender for the Western District of North Carolina was appointed to represent Mr. Bowman after he requested appointment of counsel at his initial appearance on September 4, 2019. He entered a plea of not guilty to the three-count indictment and trial was scheduled for November 11, 2019. He later moved to continue his trial to January 6, 2020 and then to the current trial date of March 2, 2020.

2. During the pretrial period, the government extended a plea offer to Mr. Bowman, which he has rejected. Counsel for the government has indicated that if Mr. Bowman proceeds to trial, it will file an 851 notice and asked

undersigned counsel to communicate its intention to her client. Mr. Bowman intends to proceed to trial despite the enhanced penalties.

3. Defense counsel believes there is has been a breakdown in communication between herself and Mr. Bowman. She can no longer effectively represent him and given the possible 851 enhancement, she is concerned that the breakdown in communication will prevent Mr. Bowman from full consideration of the advantages and consequences of going to trial. Counsel believes that the interests of justice would be served by appointing Mr. Bowman a new attorney.

4. The trial court has the discretion to determine whether a motion for substitution of counsel should be granted. *United States v. Mullen*, 32 F.3d 891 895 (4th Cir. 1994). In deciding the motion, the court considers three factors: (1) timeliness of the motion; (2) adequacy of the court's inquiry into the request; and (3) whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense. *Id.* While the timeliness prong of the inquiry may be an issue, it is only one of the three, and undersigned counsel believes that the last prong overcomes any concern regarding timeliness.

5. In order to determine whether Mr. Bowman should be appointed substitute counsel, defense counsel requests that the court hold an inquiry into status of counsel.

6. Because the court's inquiry may touch upon attorney-client privilege, undersigned counsel requests that prior to such inquiry, that the courtroom be closed and that this portion of the hearing be conducted *ex parte*.

7. AUSA Thomas Kent has been notified by undersigned counsel hat she is moving to withdraw as counsel of record and is requesting substitution of counsel.

WHEREFORE, this Honorable Court is respectfully requested to allow undersigned counsel to withdraw as counsel of record and that new counsel be appointed.

Dated: February 18, 2020

Respectfully submitted:

/s/ Fredilyn Sison
Fredilyn Sison
NC Bar 38732
Assistant Federal Public Defender
Federal Public Defender for the
Western North Carolina,
1 Page Avenue, Suite 210
Asheville, NC 28801
(828) 232-9992
(828) 232-5575 Fax
Email: Fredilyn_Sison@fd.org