**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CRIMINAL CASE NO. 1:19-cr-00045-MR-WCM**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **JERRELL TITO BOWMAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Continue [Doc. 23].

On June 4, 2019, the Defendant was charged in a Bill of Indictment with one count of knowingly and intentionally possessing with intent to distribute a quantity of cocaine, a quantity of cocaine base, a quantity of fentanyl, a quantity of heroin, and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1); one count knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and one count of knowingly and unlawfully possessing a firearm having been previously convicted of at least one crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). [Doc. 1].

On August 7, 2019, the Defendant was charged in a Superseding Bill of Indictment with one count of knowingly and intentionally possessing with intent to distribute a quantity of cocaine, a quantity of cocaine base, a quantity of fentanyl, a quantity of heroin, and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1); one count knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and one count of knowingly and unlawfully possessing a firearm knowing that he had previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). [Doc. 4]. The Defendant made an initial appearance on September 4, 2019, at which time counsel was appointed. On September 6, 2019, the Defendant's arraignment was held, at which time the Magistrate Judge calendared the case for the November 4, 2019 trial term. On October 18, 2019, the Court continued the case to the January 6, 2020 trial term. [Doc. 13].On January 2, 2020, the Court continued the case to its current setting during the March 2, 2020 trial term. [Doc. 16].

On February 20, 2020, the Defendant was charged in a Second Superseding Bill of Indictment with one count of knowingly and intentionally possessing with intent to distribute a quantity of cocaine, a quantity of cocaine base, a quantity of fentanyl, a quantity of heroin, and a quantity of

marijuana, in violation of 21 U.S.C. § 841(a)(1); one count knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and one count of knowingly and unlawfully possessing a firearm knowing that he had previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). [Doc. 20]. The Second Superseding Bill of Indictment also includes a notice that prior to the Defendant committing the charged offense contained in count one, the Defendant had a final conviction for a serious violent felony, pursuant to 21 U.S.C. § 851. [Id. at 2]. The Defendant's arraignment on the Second Superseding Bill of Indictment is currently set for February 28, 2020. On February 20, 2020, the Magistrate Judge entered an order allowing the withdrawal of Defendant's former counsel and appointing new counsel. [Doc. 21]

The Defendant now seeks another continuance. [Doc. 23]. As grounds, counsel states that additional time is needed because he was just recently appointed and has not had a sufficient opportunity to review discovery materials with the Defendant. Counsel further represents that the Government does not object to the requested continuance. [Doc. 23].

The Court finds that the case should be continued. If the requested continuance were not granted, the Court finds that counsel would be denied

"the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A).

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Continue [Doc. 23] is **GRANTED**, and the above-captioned case is hereby **CONTINUED** from the March 2, 2020 trial term in the Asheville Division.

**IT IS SO ORDERED.**

Signed: February 25, 2020

Martin Reidinger
United States District Judge