UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>JERRELL TITO BOWMAN<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | DOCKET NO. 1:19 CR 45<br><br>**NOTICE OF INTENT TO OFFER RULE 404(b) EVIDENCE** |

NOW COMES the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, to notify the defendant, that the government intends to introduce evidence, pursuant to Rule 404(b) of the Federal Rules of Evidence, of other crimes, wrongs, or acts committed by the defendant and admissible under the Rule to prove knowledge, intent, and absence of mistake or accident - all of which are proper purposes supported by the Rule and the case law.

The government intends to introduce evidence related to other crimes, wrongs or acts committed by the defendant, namely – evidence of the defendant's drug trafficking activities in the months leading up to his alleged possession with intent to distribute controlled substances on March 21, 2018. Rule 404(b) prohibits the use of evidence of other crimes, wrongs or acts to "show bad character or propensity to break the law." *United States v. Hayden*, 85 F.3d 153, 159 (4th Cir. 1996). Rather, the Rule permits the use of that evidence "to prove a fact that the defendant has placed, or conceivably will place, in issue, or a fact that the statutory elements obligate the government to prove." *United States v. Merriweather*, 78 F.3d 1070, 1077 (6th Cir. 1996). Such proper or legitimate purposes include using evidence of other crimes, wrongs or acts to establish

"proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident". *United States v. Van Metre*, 150 F3d 339, 349 (4th Cir. 1998). The Rule is one of inclusion, not exclusion, and all relevant evidence is admissible "except that which tends to prove only criminal disposition." *Id*.

The government will seek to introduce evidence of the defendant's drug trafficking activities in the months leading up to his alleged possession with intent to distribute controlled substances on March 21, 2018 – namely evidence of his drug trafficking activities between October 29, 2017 and March 21, 2018 as demonstrated by the text messages found on the cellular telephones seized incident to the defendant's arrest locally on March 21, 2018. The "past conduct need not be identical to the conduct charged." *Van Metre,* 150 F.3d at 350, *citing United States v. Johnson,* 132 F.3d 1279, 1283 (9th Cir. 1997.). "[I]t must be similar enough to be probative of intent." *Id.*

Evidence of other crimes, wrongs or acts is admissible under 404(b) if the evidence "is (1) relevant to some issue other than character, (2) necessary to prove an element of the crime charged, and (3) reliable." *Van Metre,* 150 F.3d at 349, *citing United States v. Powers,* 59 F.3d 1460, 1464 (4th Cir. 1995). Evidence is relevant if it "has any tendency to make the existence of any determinative fact more probable than it would be absent the evidence." *Van Metre,* 150 F.3d at 349. Given that test, the "threshold for relevancy is relatively low." *Id*. *citing Powers,* 59 F.3d at 1465. The Fourth Circuit in *Powers* held that to be relevant, the evidence must be "sufficiently related to the charged offense." *Id.*

The defendant's drug trafficking activities in the months leading up to his alleged possession with intent to distribute controlled substances on March 21, 2018 is relevant to issues

other than his character – namely that the defendant knowingly and intentionally committed the charged narcotics trafficking offense in this case. A "not guilty plea puts one's intent at issue and thereby makes relevant evidence of similar prior crimes when that evidence proves criminal intent." *Van Metre*, 150 F.3d at 350, *citing United States v. Sanchez*, 118 F.3d 192, 196 (4th Cir. 1997). "When intent to commit a crime is at issue, [the Fourth Circuit has] regularly permitted the admission of prior acts to prove that element." *Sparks v. Gilley Trucking Co.*, 992 F.2d 50, 52 (4th Cir. 1993). "Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." *Huddleston v. United States*, 485 U.S. 681, 685 (1988). The "prior doing of other similar acts…is useful as reducing the possibility that the act in question was done with innocent intent." *United States v. Queen*, 132 F.3d 991, 996 (4th Cir. 1997). "A criminal defendant. . .cannot deny knowledge of drug trafficking or an intent to traffic in drugs and at the same time preclude the admission of the government's evidence of prior occasions when he willingly trafficked in drugs." *Sparks*, 992 F.2d at 52. "[W]hen intent to commit an act is an element of a crime, prior activity showing a willingness to commit that act may be probative." *Id*.

The defendant's drug trafficking activities in the months leading up to his alleged possession with intent to distribute controlled substances on March 21, 2018 will reduce the possibility that the criminal conduct in question in this case was done with innocent intent. His drug trafficking activities in the months leading up to his alleged possession with intent to distribute controlled substances on March 21, 2018 has the tendency to make the existence of any determinative fact – that he did the acts in this case knowingly and intentionally or without mistake

– more probable than it would be absent the evidence. The defendant's drug trafficking activities in the months leading up to his alleged possession with intent to distribute controlled substances on March 21, 2018 is sufficiently related to the narcotics trafficking offense charged in this case.

Evidence of the defendant's drug trafficking activities in the months leading up to his alleged possession with intent to distribute controlled substances on March 21, 2018 is necessary, as discussed above, to prove an element of the narcotics trafficking offense charged – namely, that the defendant knowingly and intentionally committed the narcotics trafficking offense charged in this case. "Evidence is necessary where, considered in the light of other evidence available to the government, it is an essential part of the crimes on trial." *Van Metre*, 150 F.3d at 349, *citing Queen*, 132 F.3d at 998. Knowledge, intent and/or absence of mistake are all elements of the narcotics trafficking offense charged in this case or concepts that will be part of the Court's instructions to the jury in this case. "Evidence is reliable if it is sufficient to allow the jury to reasonably conclude that the acts occurred and that the defendant was the actor." *Van Metre*, 150 F.3d at 350, *citing Powers,* 59 F.3d at 1467. It is hard to fathom more reliable evidence of the defendant's past conduct than the defendant's own outgoing text messages related to his narcotics trafficking activities and the incoming text messages of his customer base.

Now, evidence admissible under Rule 404(b) is not without limits. Rule 403 "prohibits the introduction of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice." *Van Metre,* 150 F3d. at 350. That is not a "simple" balancing test. Rather, the rule makes clear that exclusion is allowed only if the prejudicial impact "substantially outweighs" the probative value. Nor does Rule 403 seek to preclude simply "prejudicial" evidence. Virtually all evidence in a criminal trial is prejudicial to the defendant. The rule

guards against evidence that is unfairly prejudicial. The Fourth Circuit has interpreted that rule to "require the exclusion of evidence only in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." *Id. citing Powers*, 59 F.3d at 1467. There is no doubt that the jury would be interested to know that the defendant was engaged in narcotics trafficking activity in the months leading up to his alleged possession with intent to distribute controlled substances on March 21, 2018 when determining whether or not he knowingly and intentionally did that in this case. However, that interest is far from the excitement to irrational behavior required for exclusion of the proffered evidence. Finally, if the Court permits the introduction of evidence of the defendant's drug trafficking activities in the months leading up to his alleged possession with intent to distribute controlled substances on March 21, 2018, any prejudice that may occur can be ameliorated through a curative jury instruction.

RESPECTFULLY SUBMITTED, this the 19th day of June, 2020.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

THOMAS M. KENT
ASSISTANT UNITED STATES ATTORNEY
s/ Thomas M. Kent
New York State Bar No. 2966364
100 Otis Street
Asheville, North Carolina 28803
(828)271-4661
Fax: (828)271-4670
Email: thomas.kent@usdoj.gov