UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 1:19 CR 45 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRELL TITO BOWMAN | ) | |

**GOVERNMENT'S MOTION *IN LIMINE***

NOW COMES the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, who hereby respectfully submits this Motion *in Limine.* Based upon a letter sent to the government and a number of recent *pro se* filings by the defendant, the Government is concerned that the defendant may seek to introduce evidence and/or make arguments to the jury regarding an issue that is immaterial and irrelevant to the offenses charged, and which therefore should be excluded.

As alleged in the Second Superseding Bill of Indictment, the Defendant is charged with three offenses. More specifically, the defendant is charged in Count One with possession with intent to distribute quantities of cocaine, cocaine base, fentanyl, heroin and marijuana. The defendant is charged in Count Two with possessing a firearm in furtherance of a drug trafficking crime. Finally, the defendant is charged in Count Three with being a felon in possession of the same firearm.

The government understands, based on a letter the defendant sent to the government and recent *pro se* filings by the defendant, that the defendant now adheres to the belief that even though he was born and resides in the United States, he is a sovereign citizen. So-called sovereign citizens believe that they are not subject to government authority and/or will employ tactics in an attempt to, among other things, derail criminal proceedings. So-called sovereign citizens believe that, for

example, their birth certificates and social security cards act as contracts with the Federal government; that those contracts cause them and their property to act as security for the national debt; that the government cannot hold the profits it makes from the use of its citizens and their property; and that the profits generated are therefore held in secret in an individual trust account for each citizen. Sovereign citizens, based on those beliefs, will then attempt to proceed under the Uniform Commercial Code ("UCC") and present the funds reportedly in their individual trust account in satisfaction of the criminal charges they are facing and/or in satisfaction of any sentence they receive based on those criminal charges.

The government received a letter from the defendant titled "Letter Rogatory" on February 18, 2020, which the government, in turn, filed with the Court (Document 17). The defendant then made a series of *pro se* filings with the Court on June 8, 2020 – "Letter Rogatory and Relief" (Document 26); "Good Faith Notice" (Document 27); "Affidavit of Negative Averment" ("Document 28"); "Judicial Notice" (Document 29); "Notice of Anomalous Plea – In Rem Proceedings" (Document 30); and "Certificate of Service" (Document 31). The defendant, through the letter sent to the government in February and then his *pro se* filings with the Court in June, apparently seeks to now claim that he is as a sovereign citizen in order to make the above-described arguments and proceed under the UCC.

"It is elementary that, for evidence to be admissible, it must be relevant to an issue being tried." *United States v. Hedgepeth*, 418 F.3d 411, 419 (4th Cir. 2005). That is, it must have a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed.R.Evid. 401. "[T]he trial judge's role as gatekeeper is to ensure that the factfinder bases its decision only on relevant and reliable information." *United States v. Mitrovic*, 890 F.3d 1217, 1222 (11th Cir. 2018). The

Fourth Circuit has repeatedly held that "a defendant's right to present a defense is not absolute: criminal defendants do not have a right to present evidence that the district court, in its discretion, deems irrelevant or immaterial." *United States v. Prince-Oyibo,* 320 F.3d 494, 501 (4th Cir. 2003); see also *United States v. Rand,* 835 F.3d 451, 459 (4th Cir. 2016); *United States v. Malloy,* 568 F.3d 166, 177 (4th Cir. 2009).

The government is unaware of any Court recognizing a person's claim to being a sovereign citizen as a defense in a criminal case or allowing such a person to proceed under the UCC in a criminal case. Indeed, this Court struck the defendant's *pro se* filings (Documents 26 through 31), holding that the UCC does not apply to the proceedings in this criminal case. As such, the Court further found that the defendant's filings on the subject were baseless and frivolous. The government is concerned, given the fact that the defendant apparently sent the above-described letter to the government without the knowledge of former defense counsel Fredilyn Sison and then apparently filed the series of documents described above without the knowledge of current defense counsel Jack Stewart, that the defendant will attempt to introduce evidence and/or make arguments concerning his being a sovereign citizen and/or the above-described principles of the sovereign citizen movement at the upcoming trial.[1] However, the evidence and/or arguments of the defendant are baseless and frivolous as previously described by the Court. In addition, they are not relevant to any issue being tried and they are immaterial to the issues in this case.

Even if the defendant's anticipated evidence and/or arguments had some relevance, the Court should nonetheless exercise its discretion under Fed.R.Evid. 403 to exclude them. Any probative value from admitting evidence and/or hearing arguments such as those described above

[1] To be clear, the government does not believe that current defense counsel would attempt to introduce such baseless or frivolous evidence and/or make such arguments. However, based on the experience of the undersigned and other prosecutors, so-called sovereign citizens often times ignore the advice of counsel and disrupt court proceedings with their attempts to introduce such evidence and/or make such arguments in front of a jury.

would be substantially outweighed by the danger of confusing the issues and misleading the jury. It would also cause undue delay and a waste of time. The Fourth Circuit affords the district court "substantial deference," and will not overturn an evidentiary ruling absent an abuse of discretion. *United States v. Medford*, 661 F.3d 746, 751 (4th Cir. 2011); *United States v. Malloy*, 568 F.3d at 177; *United States v. Hedgepeth*, 418 F.3d at 418-19.

WHEREFORE, the United States respectfully submits that the defendant's anticipated evidence and/or any arguments related to that evidence, should be excluded.

Respectfully submitted, this 19th day of June, 2020.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

THOMAS M. KENT
ASSISTANT UNITED STATES ATTORNEY
s/ Thomas M. Kent
New York State Bar No. 2966364
100 Otis Street
Asheville, North Carolina 28803
(828)271-4661
Fax: (828)271-4670
Email: thomas.kent@usdoj.gov