UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Asheville Division)

----------------------------x
UNITED STATES OF AMERICA :
Plaintiff, :
:
vs :
:
: Criminal Action:1:19-CR-45
:
JERRELL TITO BOWMAN, :
Defendant. :
----------------------------x

February 28, 2020
Asheville, North Carolina

The above-entitled action came on for an Arraignment Hearing before the HONORABLE W. CARLETON METCALF, United States Magistrate Judge, in Courtroom 2, commencing at 9:13 a.m.

**APPEARANCES**:

On behalf of the Plaintiff:
**RICHARD L. EDWARDS, Esquire**
Office of the U.S. Attorney - WDNC
233 U. S. Courthouse Building
100 Otis Street
Asheville, North Carolina 28801

On behalf of the Defendant:
**JACK W. STEWART, Jr., Esquire**
Post Office Box 1920
Asheville, North Carolina 28802

Tracy Rae Dunlap, RMR, CRR 828.771.7217
Official Court Reporter

**I N D E X**

Page
Reporter's Certificate........................9

**P R O C E E D I N G S**

THE COURT: The Court will call the case of United States versus Jerrell Tito Bowman. This is case 1:19-CR-45. This matter is before the court this morning for an arraignment of the defendant.

Mr. Bowman, if you would stand up please. As you may recall, a Bill of Indictment was filed against you. That document was superseded by a Superseding Bill of Indictment.

A Second Superseding Bill of Indictment has now been filed in your case. That document was filed on February 19th 2020; it's document 20 in your case. It contains three counts. It also now contains a notice of prior convictions pursuant to Title 21, United States Code, Section 851.

Mr. Stewart, has the defendant received a a copy of this document?

MR. STEWART: He has, Your Honor please.

THE COURT: Has he read it or had it read to him?

MR. STEWART: Yes, sir. We have reviewed it and gone over the counts. I've had a chance to do that in advance of the proceeding today. When I met with the defendant though -- when I met with Mr. Bowman I did not have my statute book with me so I could not adequately advise him as to what the statutory penalties were, and I

would ask Your Honor to do that. But, beyond that, I've gone over the charges with him, explained the elements and the nature of the charges, and he has an understanding of that.

THE COURT: Very good. Thank you. Well it would appear to me the second superseding bill contains similar charges, maybe identical charges, to the first or the previous superseding bill with the exception that an 851 notice has been now filed, and that has been included in the second superseding indictment as well.

Mr. Bowman, let me just refocus your attention on this document. Count One charges you with possessing with the intent to distribute certain substances. Specifically, a mixture or substance containing a detectable amount of cocaine, 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, a mixture or substance containing a detectable amount of fentanyl, a mixture or substance containing a detectable amount of heroin, and a mixture or substance containing a detectable amount of marijuana.

Count Two alleges that you, on or about March 21st 2018, knowingly possessed a firearm -- that would be a 9mm pistol -- in furtherance of a drug trafficking crime.

And Count Three alleges you possessed a firearm having been previously convicted of at least one crime

punishable by imprisonment for more than one year and knowing you had been so convicted.

As I indicated, there is a new section that's been added to this document or that appears now in the second superseding bill. Let me just read that to you for the record. That says prior convictions pursuant to Title 21, United States Code, Section 851. Before the defendant, Jerrell Tito Bowman, committed the offense charged in Count One of the Second Superseding Bill of Indictment, the defendant, Jerrell Tito Bowman, had a final conviction for a serious violent felony. Namely, a conviction for assault with a deadly weapon inflicting serious injury for which Jerrell Tito Bwman served a term of imprisonment of more than 12 months, and for which Jerrell Tito Bowman's release from any term of imprisonment was within 15 years of the commencement of the instant offense and a final conviction for a serious drug felony. Namely, a conviction for trafficking in cocaine for which the defendant served a term of imprisonment of more than 12 months, and for which the defendant's release from any term of imprisonment was within 15 years of the commencement of the instant offense.

Once again, those are the charges. You are presumed innocent of those charges unless and until

proven guilty. However, if you were to be found guilty of those charges you could be facing certain maximum possible penalties. I will go over those penalties with you at this time.

One reason I went back through the counts with you -- I know you've done that with your attorney -- is I want to make sure you understand the penalties with respect to each count.

Count One -- that is charging you with knowingly and intentionally possessing with the intent to distribute various substances -- would carry the following maximum possible penalties. With regard to the cocaine, the fentanyl, and the heroin, it would appear that the maximum possible penalty would be a term of imprisonment of not more than 30 years, a fine of up to $2 million, or both, supervised release of not less than six years, and a $100 special assessment.

With regard to that portion of Count One that pertains to the cocaine base, it would appear that the maximum possible penalty would be a term of imprisonment of not less than ten years and not more than life, a fine of up to $8 million, or both, not less than eight years of supervised release, and a $100 special assessment. Finally, with regard to that portion of Count One that pertains to the marijuana. It would be a term of

imprisonment of not more than ten years, up to $500,000, or both, in terms of the fine, and not less than four years of supervised release.

With respect to Count Two. That would be the charge under under 924(c)(1)(A). That is for possession of a firearm during a drug trafficking crime. The maximum penalty there would be not less than five years, a fine of up to $250,000, or both, supervised release of no more than five years, and a $100 special assessment.

With regard to the final charge. That is Count Three charges you with possession of a firearm by a convicted felon. The maximum possible penalty would be a term of imprisonment of not more than ten years, a fine not to exceed $250,000, or both, supervised release of not more than three years, and a $100 special assessment. However, if you have three previous convictions by any court for a violent felony or serious drug offense, or both, committed on occasions different from one another, then the maximum possible penalty would be a term of imprisonment of not less than 15 years and not more than life, a fine not to exceed $250,000, or both, supervised release of not more than five years, and a $100 special assessment.

Mr. Edwards, does the government concur with that recitation?

MR. EDWARDS: Yes, Your Honor.

THE COURT: All right. Mr. Stewart, do you have any questions or any more information you want me to provide about this?

MR. STEWART: I do not, Your Honor. I have since gone back and checked it, but I had not advised my client of that when we first met.

THE COURT: Thank you.

MR. STEWART: There does not need to be a further reading or presentation. We would tender a "not guilty" plea to all three counts enumerated in the superseding bill and request a jury trial.

THE COURT: That was going to be my next question.

The record will reflect, then, the defendant has entered a plea of "not guilty" as to these counts and has requested a jury trial as to each one of them. Now trial in this case, I believe, has been set previously. Was it set and then continued? Madam Clerk, when is it currently set?

THE CLERK: Your Honor, it's currently set for May 4th at 9:00 a.m.

THE COURT: All right. Currently set for the May 4th term and that's where it will remain set. If any party wishes to have that moved a motion can be filed in the normal course.

MR. STEWART: We'll be ready to go on Monday morning. You can count on that.

THE COURT: All right. Very good. Anything further, then, from the government?

MR. EDWARDS: No, sir.

THE COURT: Mr. Stewart, anything further from the defense?

MR. STEWART: No, Your Honor.

THE COURT: All right. Mr. Bowman, that will conclude all the matters in your case.

(Off the record at 9:20 a.m.)

**CERTIFICATE**

I, Tracy Rae Dunlap, RMR, CRR, an Official Court Reporter for the United States District Court for the Western District of North Carolina, do hereby certify that I transcribed, by machine shorthand, from the court's audio recording system, the proceedings had in the case of UNITED STATES OF AMERICA versus MICHAEL RAY WATTY, Case Number 2:96-CR-88, on February 28, 2020.

In witness whereof, I have hereto subscribed my name, this 14th day of December, 2020.

__/S/__Tracy Rae Dunlap__
TRACY RAE DUNLAP, RMR, CRR
OFFICIAL COURT REPORTER