**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CRIMINAL CASE NO. 1:19-cr-00045-MR-WCM**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **JERRELL TITO BOWMAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) [Doc. 89].

## I. BACKGROUND

In March 2018, a confidential informant (CI) advised Agent Hendricks with the Buncombe County Anti-Crime Task Force ("BCAT") that individuals were packaging large quantities of heroin, marijuana and other controlled substances at an apartment in Arden, North Carolina. The CI identified the Defendant Jerrell Tito Bowman as one of the individuals distributing drugs out of this apartment. [Doc. 58: PSR at ¶ 12].

During his investigation, Agent Hendricks confirmed the CI's information with the manager of the apartment complex. [Id. at ¶ 13]. Agent Hendricks also learned that the Defendant had outstanding warrants for

assault on a female and assault with a deadly weapon in the presence of a minor. [Id. at ¶ 14]. Agents conducted surveillance of the apartment and observed the Defendant leaving the apartment with a small child. An officer went to the door of apartment and could smell the odor of marijuana emanating from the apartment. [Id. at ¶ 16].

Agents applied for a warrant and conducted a search of the apartment on March 21, 2018. During the search, agents discovered multiple smoked marijuana cigarettes, ammunition, 8.23 grams of fentanyl, 3.72 grams of crack cocaine, 47.53 grams of powdered cocaine, digital scales, and other items used to process powder cocaine into crack cocaine and to package it for distribution. [Id. at ¶ 17]. In the master bedroom, agents discovered 430.34 grams of marijuana and a total of $11,013 in cash. [Id.]. The Defendant was arrested upon returning to the apartment. [Id. at ¶ 18]. The agent immediately smelled the odor of marijuana emanating from the Defendant's car. A subsequent search of the car revealed a partially smoked marijuana cigar, 2.28 grams of fentanyl, 37.18 grams of crack cocaine, 210.36 grams of marijuana; a loaded pistol, $1,994 in cash, and a cellphone. The Defendant had another $587 on his person. [Id. at ¶ 19]. The Defendant admitted to ownership of all the controlled substances, firearms, and money both in the vehicle and the apartment. [Id. at ¶ 20].

Ultimately, the Defendant was found to be accountable for a total of 47.53 grams of cocaine, 39.9 grams of cocaine base, 20.51 grams of fentanyl, 640.7 grams of marijuana, and $13,594 in U.S. currency. [Id. at ¶ 26].

A grand jury returned a Bill of Indictment against the Defendant charging him with one count of possession with intent to distribute a number of controlled substances, in violation of 21 U.S.C § 841(a)(1) (Count One); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two); and one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count Three). [Doc. 22: Second Superseding Bill of Indictment]. On June 29, 2020, the Defendant entered straight up pleas of guilty to all three offenses. [Doc. 40]. The Defendant faced a mandatory minimum sentence of 120 months and a maximum term of life for Count One; a mandatory minimum sentence of 60 months and a maximum term of life for Count Two; and a maximum term of ten years for Count Three. [Doc. 58: PSR at ¶ 101].

On October 22, 2020, the Court sentenced the Defendant to a term of 125 months' imprisonment on Count One and 120 months on Count Three, to be served concurrently, and a term of 60 months on Count 2, to be served

consecutively to Counts 1 and 3, for a total term of 185 months. [Doc. 65]. The Defendant appealed [Doc. 69], and on September 17, 2021, the Court of Appeals affirmed his conviction and sentence. [Doc. 86]. The Defendant is currently incarcerated at FCI Ashland, and his projected release date is October 17, 2032.[1]

The Defendant now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing his mother's health conditions and her need for a caretaker, as well as his rehabilitative efforts while in prison. [Doc. 89].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Defendant asserts that he submitted a request for compassionate release to the warden of his facility and that the warden

---

[1] See https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited July 21, 2025).

denied his request. [See Doc. 89-3]. Accordingly, the Court will proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. The Sentencing Commission amended § 1B1.13 effective November 1, 2023, to address the amendment to § 3582(c)(1)(A) authorizing courts to grant a motion for a sentence reduction based on a defendant's own motion. The amended policy statement also sets forth a list of specified extraordinary and compelling reasons, considered either singly or in combination, that can warrant a reduction in sentence, including certain family circumstances, such as where a defendant's parent is incapacitated and "the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C).

Here, the Defendant cites the deteriorating health of his mother as an extraordinary and compelling reason for a sentence reduction.[2] The Defendant, however, has failed to demonstrate that his mother's needs rise to the level necessary to merit relief. While the Defendant recites various health issues that his mother has, he has presented nothing to show that she is incapacitated by such issues. The Defendant also fails to establish that he is the only available caregiver for his mother. According to the PSR, the Defendant's parents reside together, and there is nothing in the record to suggest that those circumstances have changed. [Doc. 58: PSR at ¶ 85]. Additionally, the PSR indicates that the Defendant has three adult siblings, all of whom live in Western North Carolina. [Id.]. In fact, his mother's medical records from October 2024 indicate that she was residing with family members in Matthews, North Carolina, post-Hurricane Helene. [Doc. 90 at 11]. The Defendant offers nothing to suggest that other family members are unavailable to assist his ailing mother.

While the Defendant's mother would undoubtedly benefit from the Defendant being present and would prefer to have him near, the Defendant has failed to prove that she is incapacitated and that no other caregivers are

[2] The Defendant also checked a box on his form indicating that he was also relying on § 1B1.13(b)(6) as a basis for relief. The Defendant, however, has not served at least ten years of his sentence and is therefore not eligible for relief under this provision.

available to her. Accordingly, the Court concludes that the Defendant's family circumstances do not warrant a sentence reduction.

The Defendant also cites his lack of disciplinary infractions and his efforts at rehabilitation while in prison, including completing several educational programs. [Doc. 89 at 11]. While his efforts at rehabilitation are commendable, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d).

Having carefully considered the Defendant's motion, the Court concludes that the Defendant has failed to show that any of the cited reasons—considered singly or in combination—demonstrate extraordinary and compelling reasons for his release.

Even if the Defendant could establish an extraordinary and compelling reason for his release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's crimes were extremely serious. The Defendant maintained a premises for cooking cocaine into cocaine base and storing multiple controlled substances for sale. He also possessed a firearm in connection with his drug trafficking activity. Additionally, the Defendant has

a significant criminal history, including convictions for assault with a deadly weapon inflicting serious injury and multiple drug trafficking offenses, resulting in a criminal history category of V. In light of the seriousness of the Defendant's offenses and his criminal history, the Court finds that requiring the Defendant to serve his full sentence adequately reflects the seriousness of his offense, promotes respect for the law, avoids unwarranted sentencing disparities, and provides general deterrence to others who might commit similar crimes.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's motion for compassionate release is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) [Doc. 89] is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 23, 2025

Martin Reidinger
Chief United States District Judge